## Maine Bank *vs.* John B. Osborn.

Suits are brought by the holder of a note against the maker and the indorser; and at the first term the action against the maker is defaulted, and that against the indorser continued, at his instance, until the next term, and then defaulted.   Before the second term, the maker pays the full amount of the judgment against him.   Neither party is entitled to costs.

This is an action against the defendant, as indorser of a promissory note, in which *C. C. Mitchell* and *T. B. Little* were promissors.   Suits were commenced against the promissors and indorser, at the *April* term of the S. J. Court, 1835.   The action against the promissers was defaulted at the same term, and that against *Osborn* continued, the plaintiffs moving for judgment, and the defendant alleging a defence.   The plaintiffs took out their execution against the promissors, and it was wholly paid before the sitting of the court, at the *November* term.   At the *November* term, *Osborn* was defaulted, his counsel being uninformed that the judgment had been paid.   At that term, the plaintiffs moved for costs against *Osborn*, which motion was reserved for the consideration of the whole Court.

Maine Bank *v.* Osborn.

At the *April* term, 1836, *Daveis* for the plaintiffs, again moved for costs, and said, that as the plaintiffs were delayed of the judgment to which they were justly entitled, as the default at the next term proved, by the interference of the defendant, the plaintiffs were equitably entitled to their costs. In this State the Court are at liberty to decide the question on principle, and to allow costs in a case where during the pendency of the suit another party to the note has paid the debt. It is for the advantage of the defendant in such cases, as he is exonerated from the payment of the debt, instead of having a judgment against him for both debt and costs. The only case against us, that of *Gilmore* v. *Carr*, 2 *Mass. R.* 171, is not now law even in *Massachusetts*, for it is overruled in *Porter* v. *Ingraham*, 10 *Mass. R.* 88. If the last case does not overrule the first, it at least balances it and leaves this an open question. The propriety of the decision in *Gilmore* v. *Carr*, has been much questioned. I *Dane*, 415, § 3. The defendant is not the prevailing party in this case, but the plaintiff is. This is shewn by the default. The practice in *New York* is in our favor. *Austin* v. *Bemis*, 3 *Johns. R.* 356, and *Mr. Johnson's* note, commenting on *Gilmore* v. *Carr*. But there is a distinction between this case and *Gilmore* v. *Carr*. Here, there was a default, so that it was too late to say that nothing was due.

*S. Longfellow, Jr.* for the defendant, cited and relied upon the case of *Gilmore* v. *Carr*, commented upon by the plaintiff. Here our statutes regulate costs, and the decisions of the courts of States, other than *Massachusetts*, cannot be applicable.

But if there could be any doubt under the general statute regulating costs, it is entirely removed by a reference to the statute of 1829, *c.* 444, § 3. This action was commenced while that statute was in force, and under it the plaintiff, in an action of assumpsit brought originally to this Court, can recover no *costs*, unless he recovers over one hundred dollars debt. Here he can recover no debt.

The opinion of the Court, *Emery J.* not sitting on account of interest, was afterwards delivered by

WESTON C. J. — This case is not distinguishable from *Gilmore* v. *Carr*, 2 *Mass. R.* 171. That case is not overruled by

*Porter* v. *Ingraham,* 10 *Mass. R.* 88. Indeed the Court in the latter decision, state very expressly, that there are essential grounds of difference between them ; and that they do not overrule the former case. Costs depend here upon our own statutes ; and cannot be affected by the law or practice of other States. The plaintiff's motion for costs is overruled ; but as the defendant has no merits, we do not take off the default, for the purpose of awarding costs in his favor.